[Civ. No. 6686.   Third Dist.   June 26, 1942.]

DON R. KING, Respondent, v. SAN JOSE KEYSTONE MINING CO. (a Corporation) et al., Appellants.

C. B. Wooster for Appellants.

T. L. Chamberlain and Harold Ropers for Respondent.

THE COURT.—Plaintiff and respondent recovered a judgment for a balance due for services performed for defendants and appellants herein, and the sole question raised on this appeal is as to the sufficiency of the evidence to support the findings.

Plaintiff alleged that "commencing on the 6th day of May, 1936, and continuing to and including the 24th day of January, 1938, in the County of Placer, State of California, at the special instance and request of the defendants San Jose Keystone Mining Company, H. Bert Walton and C. B. Wooster, and each of them, and upon the promise of the said last-named defendants, as hereinafter set forth, the plaintiff performed work and labor for the defendants in and about that certain mining property known as the San Jose Keystone Mine, which said work consisted of surveying above and underground, drawing plans and working maps of said mine, and the real property upon which it is situate, drawing plans for compressor house and ore bin, felling trees, installing air and water pipeline, installing electric motors, telephone system and wire lines, buying supplies, and like services required in the preparation of said property for mining operations and the commencement of mining operations; that all of said work and labor was done and performed on said San Jose Keystone Mining property." It was further alleged that defendants promised, at the time of the commencement of the work, to pay therefor at the rate of $180 a month, and that after allowing deductions for time off, plaintiff was entitled to compensation for working eighteen months and nine days. Plaintiff admitted receipt of $250 in cash, stock worth $250, and board and lodging valued at $120.

Defendant denied the existence of an agreement to pay plaintiff a fixed salary; admitted that plaintiff worked on the mine but alleged that he had been paid in full. A counterclaim for $149.50 for the use of a tractor was set up and allowed by the court.

The court found that all the facts alleged in the complaint were true, except that the work was not done at the special instance and request of H. Bert Walton and C. B. Wooster, individually. Judgment was given for $1,063.

We have, then, the simple question: How much, if anything, was plaintiff entitled to recover for the services rendered?

Considering the total credits admitted by plaintiff, the amount of the judgment and the counterclaim allowed, and the finding that plaintiff was entitled to compensation at the rate of $180 a month, it appears that the court determined the total value of the services rendered to be $1,840.50. To have earned this amount, at the foregoing rate, plaintiff must have worked a little more than ten months and six days.

In view of the conclusions we have reached, we find it unnecessary to set forth the evidence adduced in support of the finding that defendant had agreed to pay plaintiff a salary of $180 a month. For the purposes of this appeal, we may assume that the evidence was sufficient to support such a finding.

Disregarding conflicting evidence and considering, as we must, the evidence most favorable to plaintiff, we are unable to discover any evidence that would justify a judgment for the amount given. Plaintiff was called as a witness and the following questions were asked and answers given:

"Q. Your complaint sets forth here that you worked for the mine for eighteen months and nine days. That period of time, how much time would you say you spent there on the mine property? A. I would say at least half that time. Q. Roughly, how many months? A. Nine months, nine to ten months."

There is nothing in the record showing that plaintiff worked on the property for a greater length of time than that shown by his own statement as given above. Keeping in mind the well-recognized rules as to certainty in matters of this kind, it is apparent from the plaintiff's own testimony that he is not sure he worked more than nine months on the property, and that testimony concerning anything in excess of that amount was pure conjecture. Plaintiff further testified that he made a number of trips from the mine to Sacramento and other points to purchase supplies, but as far as the record shows, this was included in the estimate of nine months.

Plaintiff sought to recover for work done while he was away from the property and living in San Jose, and in this connection testified that he was "under the impression" from what was said at a directors' meeting that he was to be paid a regular salary between the dates mentioned in his complaint, and that he had spent considerable time away from the mine, trying to interest people in the purchase of mining stock and in performing other services for the company.

Without pausing to analyze the evidence on this point, we are of the opinion that this testimony tends in no way to support plaintiff's contentions. In the first place, plaintiff's "impressions" as to what happened at the directors' meeting were not sufficient to establish a definite and enforceable contract, and the trial court specifically found that the allegation in the complaint "that all of said work and labor was done and performed on said San Jose Keystone Mining Property" was true. This amounted to a finding that plaintiff performed no work off of the property for which he could recover compensation.

A number of other points are raised but inasmuch as we have reached the conclusion that there is no evidence sufficient to support a judgment for the amount given, it is unnecessary to discuss them.

The judgment is reversed.